IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA Q.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 5456 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Melissa Q.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 13] is granted in part.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On January 29, 2019, Plaintiff filed a claim for DIB, alleging disability since September 17, 2018. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on November 18, 2020, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On January 29, 2021, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of September 17, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine status post fusion surgeries; cervical radiculopathy; left shoulder tendinopathy and rotator cuff tear

status post repair; diabetes mellitus; and gastro paresis status post sacral nerve stimulator for bladder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can occasionally climb ramps and stairs; can frequently balance; can occasionally stoop, kneel, and crouch; can never crawl; can never climb ladders, ropes, or scaffolds; should avoid workplace hazards such as unprotected heights and dangerous moving machinery; can occasionally reach overhead with the bilateral upper extremities; can frequently handle, finger, and feel with the left upper extremity; and should avoid working in conditions such as extreme heat, cold, humidity, or wetness. At step four, the ALJ concluded that Plaintiff is capable of performing her past relevant work as an account receivable clerk, billing clerk, administrative clerk, and accounting clerk supervisor. Accordingly, the ALJ found that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I.  ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

3

months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his

5

conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to properly evaluate Plaintiff's RFC; (2) the ALJ failed to properly evaluate Dr. Christian Daniels' medical opinions; and (3) the ALJ failed to properly evaluate Plaintiff's symptoms and subjective allegations.

In advancing her first argument, Plaintiff contends, *inter alia*, that the ALJ did not properly address her reported difficulty with sitting for extended periods of time. Pertinent to that argument, the ALJ noted in her decision that Plaintiff reported difficulty with sitting and that "sitting for extended periods causes her

6

neck pain." (R. 20.) The ALJ also noted Plaintiff's primary care physician's opinion that Plaintiff could only sit for up to two hours at a time. (*Id.*) In analyzing Plaintiff's sitting difficulties, the ALJ found Plaintiff's doctor's opinion on that topic unpersuasive without specific elaboration and stated only that "claimant is able to sit with her weight evenly distributed." (*Id.* at 24.) The ALJ's RFC assessment did not include any accommodations for sitting difficulties.

    As stated above, the ALJ determined that Plaintiff could perform sedentary work with additional restrictions. (R. 19.) Generally, sedentary work "requires sitting for 6 hours and standing and/or walking for 2 hours during an 8-hour workday." *Collins v. Astrue*, 324 F. App'x 516, 517 (7th Cir. 2009) (citation omitted). Crucially, an ALJ is required to "explain the basis for concluding that [a] Plaintiff is able to stand, walk, and sit as required to perform sedentary work." *Bruce B. v. Saul*, No. 19 C 2639, 2021 WL 1253447, at *3 (N.D. Ill. Apr. 5, 2021). In this case, the Court finds that the ALJ did not sufficiently analyze Plaintiff's sitting difficulties, nor adequately explain why she rejected the evidence suggesting that Plaintiff could not sit for extended periods. *See Corral v. Berryhill*, No. 16 C 4315, 2017 WL 3070722, at *9 (N.D. Ill. July 19, 2017) ("But ALJ Supergan did not adequately explain why she rejected Corral's allegation that he cannot sit or stand for long periods of time, a limitation that was also proffered by two medical experts and Koite."). As for the sole specific analysis provided by the ALJ, the Court agrees with Plaintiff that the ALJ did not "explain how record notation of [Plaintiff] sitting with her weight evenly distributed had any connection to an ability to sit for most of

7

the day." (Pl.'s Br. at 6.) Ultimately, the ALJ's error regarding Plaintiff's sitting abilities requires that this matter be remanded. *See Washington v. Colvin*, No. 12 C 4995, 2013 WL 1903247, at *11 (N.D. Ill. May 7, 2013); *Hager v. Berryhill*, No. 17 CV 7772, 2018 WL 4095095, at *4 (N.D. Ill. Aug. 28, 2018).

Plaintiff also argues that the ALJ failed to adequately account for her expressed need to lie down during the day to alleviate pain. Pertinent to that topic, in her decision, the ALJ noted Plaintiff's reports that "she lies down for three hours a day and use[s] ice on her neck and back to help reduce her back pain." (R. 21.) The ALJ also noted medical evidence that Plaintiff had to lie down at least once per day to control pain. (*Id.* at 23.) However, beyond these notations, the ALJ's decision does not address Plaintiff's asserted need to lie down in any manner.

"An ALJ errs when the RFC fails to account for a claimant's allegation that he needs to lie down." *Tincher v. Colvin*, No. 13 C 8410, 2015 U.S. Dist. LEXIS 90961, at *25 (N.D. Ill. July 14, 2015) (citation omitted). Accordingly, in completely failing to address Plaintiff's allegations concerning her need to lie down during the day, the ALJ erred. *See Eula M. v. Berryhill*, No. 17 C 6669, 2019 U.S. Dist. LEXIS 84685, at *23 (N.D. Ill. May 20, 2019) ("The ALJ was required to explain either (1) why plaintiff's testimony could not be accepted or (2) why she could work on a full-time basis despite her alleged need to lie down for three hours when she experienced migraines."). The ALJ's failure to account for Plaintiff's asserted need to lie down is another error requiring that this matter be remanded. *See Gibson-Jones v. Chater*, No. 96-2626, 1997 U.S. App. LEXIS 7640, at *13 (7th Cir. Apr. 14,

8

1997) ("We therefore . . . remand the case to the ALJ so that he may identify more specific medical evidence supporting his rejection of [the claimant's] testimony that she needed to lie down daily. The ALJ must more specifically articulate his reasons for believing that [the claimant's] testimony is contradictory and inconsistent. If the ALJ is unable to articulate more specific reasons, he must award [the claimant] the relief she requests because, if she needs to lie down daily, she will be unable to perform even sedentary work with a sit/stand option."); *Wesolowski v. Colvin*, No. 15 C 8830, 2016 U.S. Dist. LEXIS 144261, at *11 (N.D. Ill. Oct. 18, 2016) ("The ALJ also failed to explain why he did not include Wesolowski's need to lie down intermittently. On remand, the ALJ should expand the record if necessary in order to properly determine Wesolowsi's RFC.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the entirety of Plaintiff's RFC is properly derived, the medical opinion evidence is properly evaluated, and Plaintiff's subjective symptoms are properly assessed.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 13] is granted in part. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**            **ENTERED:**

**DATE:**    **March 2, 2023**        _____

                                                 **HON. MARIA VALDEZ**
                                                 **United States Magistrate Judge**